RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0566-MR

JANE LAYMAN                                                                    APPELLANT


APPEAL FROM JOHNSON CIRCUIT COURT
v.         HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 19-CI-00236


JOHNSON COUNTY BOARD OF
EDUCATION                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE:  Jane Layman was injured when she tripped on an inflatable

eagle and fell to the ground while attending a football game in Johnson County.

She sued the Johnson County Board of Education ("Board") alleging that school

personnel were negligent in their use and placement of the inflatable.  The circuit

court granted summary judgment to the Board on the basis that it was entitled to

governmental immunity.  Layman now appeals, arguing that the circuit court erred

because use of the inflatable was not integral to the football game. Having reviewed the record as well as applicable law, we must affirm.

## I. BACKGROUND

On October 19, 2018, Layman attended a high school football game at Johnson Central High School in Johnson County, Kentucky. The home team used an inflatable tunnel for the players to run through and onto the field at the start of the game. Afterwards, and while the game was underway, school officials deflated the tunnel on the track surrounding the football field. While waiting for the large structure to deflate, school officials laid the tunnel's black cover on top of it. The track was also black, making it difficult to distinguish the asphalt track from the inflatable. Layman was walking along the track while going to or from her seat and tripped over the tunnel cover, suffering multiple injuries.

Layman filed the underlying complaint in Johnson Circuit Court alleging the school was negligent in deflating the tunnel on the track where spectators were repeatedly told to walk. After discovery and unsuccessful mediation, the Board filed a motion for summary judgment, arguing Layman's claims were barred by governmental immunity. Layman argued the inflatable tunnel was not integral to the football game, so governmental immunity did not apply. After oral arguments and briefing, the circuit court granted the Board's

motion.  Layman filed a motion to alter, amend, or vacate the order that was subsequently denied.  This appeal followed.

## II. STANDARD OF REVIEW

The issue of whether a defendant is entitled to the defense of governmental immunity is a question of law.  On appeal, we review questions of law *de novo*.  *Bryant v. Louisville Metro Housing Authority*, 568 S.W.3d 839, 845 (Ky. 2019) (citations omitted).

## III. ANALYSIS

Layman argues the use of the inflatable tunnel was not integral to the football game, and therefore, the Board is not entitled to governmental immunity.[1] The Kentucky Supreme Court has defined governmental immunity as follows:

> "'[G]overnmental immunity' is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a government agency."  57 Am. Jur. 2d, *Municipal, County, School and State Tort Liability*, § 10 (2001).  The principle of governmental immunity from civil liability is partially grounded in the separation of powers doctrine embodied in Sections 27 and 28 of the Constitution of Kentucky. The premise is that courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an inadequate crucible for testing the merits of social, political or

---

[1] Layman also argues the Board should be denied governmental immunity up to their insurance policy limits and that Layman should be permitted to sue the Board because she was an invitee. Because we hold the Board is entitled to governmental immunity, we need not address these arguments.

> economic policy. 63C Am. Jur. 2d, *Public Officers and Employees*, § 303 (1997). Put another way, "it is not a tort for government to govern." *Dalehite v. United States*, 346 U.S. 15, 57, 73 S. Ct. 956, 979, 97 L. Ed. 1427 (1953) (Jackson, J., dissenting). Thus, a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function. 72 Am. Jur. 2d, *States, Territories and Dependencies*, § 104 (1974).

*Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (internal footnote omitted).[2]

Further, our highest court has held that a county board of education cannot be sued in tort for any negligence in performance of its governmental function of sponsorship and conduct of an interscholastic sporting event. *Id.* at 527; *Schwindel v. Meade County*, 113 S.W.3d 159, 168-69 (Ky. 2003).

Layman argues that, although the holdings in *Yanero* and *Schwindel* provide the Board is entitled to governmental immunity in terms of the football game generally, it is not immune from the act of using the inflatable tunnel during the game. Under well-settled caselaw, Layman would have to demonstrate that use of the tunnel during the football game was somehow a proprietary function, separate and removed from everything else happening at the event. This argument has no merit. Even though Layman paid admission to the football game, receipt of

---

[2] A proprietary function is defined as "the type normally engaged in by businesses or corporations and will likely include an element of conducting an activity for profit." *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 804 (Ky. 2009) (citation omitted).

income from admission fees and sales of refreshments do not convert an interscholastic athletic event into a proprietary function. *Schwindel*, 113 S.W.3d at 168-69. Stated differently, even if we agreed with Layman that the inflatable tunnel was not absolutely *necessary* to the football game, the simple act of using it is not a proprietary function nor does it make the football game itself a proprietary function.

While Layman makes some persuasive arguments, the test laid out by the Supreme Court is centered on the proprietary nature of the activity not whether the activity itself is absolutely integral to the game. We are not at liberty to apply a different test that departs from the precedent established by our Supreme Court. The circuit court correctly applied Supreme Court precedent to conclude the Board was immune from suit. Accordingly, we must affirm.

## IV. CONCLUSION

For the foregoing reasons, the Johnson Circuit Court is affirmed.

DIXON, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Michael J. Curtis
Ashland, Kentucky

Patrick M. Hedrick
Catlettsburg, Kentucky

BRIEF FOR APPELLEE:

Elizabeth Deener
Lexington, Kentucky